Requestor: Thomas D. Mahar, Jr., Town Attorney Town of Poughkeepsie P.O. Box 3209 Poughkeepsie, N Y 12603
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the joint water board formed under a contingent tentative agreement between the City and the Town of Poughkeepsie for a joint water supply is valid. You have informed us that the agreement provides that if the city and the town fail to adopt identical operating budgets for the joint water board, the budget submitted to the municipalities by the joint water board is to become the operating budget for the joint project. Your concern is that these provisions constitute an unconstitutional delegation of the taxing power under the Court of Appeals decision in Greater Poughkeepsie Library District, et al. v Townof Poughkeepsie, 81 N.Y.2d 574 (1993).
Before the Court of Appeals in Greater Poughkeepsie was a special act establishing a library district for the Town and City of Poughkeepsie. The library district was governed by a board of eleven trustees, seven appointed by the town supervisor and four by the mayor of the city. A complicated formula set forth in the statute determined the amounts to be appropriated from the city and town. The controversy resulted from the town's refusal to pay the amount called for by the formula, claiming it could only raise a portion of that amount. The statute, however, provided no authority for the town to review or reduce its designated contribution. The library district sought to compel the town to pay the full amount.
The Court of Appeals found that under the special act the amount to be raised by the town fluctuated with the total budget, the amount to be obtained from other sources, and the relative assessed values of property within the district. The library district alone controlled two of those variables. It set the budget and estimated the amount of funds available from other sources. "Therefore, although a complicated formula determines the actual amount the Town must raise, the simple fact is that the library trustees control the end result and thus effectively set the tax rate for the Town." Greater Poughkeepsie Library District, supra,81 N.Y.2d 574 at p 579.
The Court of Appeals reasoned that the power to tax lies only with the Legislature and may be delegated to legislative bodies of municipalities and to quasi-municipal corporations. The power to tax may not, however, be delegated to administrative agencies or other governmental departments. The Court concluded that the library district was not the type of entity to which the taxing power may be delegated.
You have informed us that under the agreement between the Town and City of Poughkeepsie the joint project is administered by a joint board known as the Poughkeepsies Joint Water Project Board. The joint board consists of six members, three selected by the city and three selected by the town. In our view, a provision in the agreement stating that in the event the city and town fail to adopt identical operating budgets, the budget submitted to them by the joint board becomes the operating budget for the joint project, is an unconstitutional delegation of the taxing power. It would permit, upon the failure of the municipalities to agree on a budget, the joint board independently to establish a budget and thereby determine what the municipalities must raise by taxation in order to support the project. Through this agreement, the municipalities would be delegating their taxing power to an administrative body within the prohibition declared by the Court of Appeals in Greater PoughkeepsieLibrary District v Town of Poughkeepsie. Given this conclusion, Informal Opinion No. 92-48 remains valid.
We conclude that two municipalities may not enter into an agreement whereby the taxing power is delegated to an administrative agency.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.